**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**TRIGINAL D. JACKSON**,

      Plaintiff,

vs.　　　　　　　　　　　　　　　　　　　　　　　　**Civil No. 10-891 WJ/RLP**

**ENFORCER OF UNCONSTITUTIONAL POLICY
RESPECTLY INJUNCTIVABLE PARTY/PARTIES[1];
LT. VIGOR; C/O WOODWARD; LT. ELLISON;
CMS/MDC CORPORATION; UNKNOWN CMS DOCTOR;
BOOKING OFFICER**,

      Defendants.

### MEMORANDUM OPINION AND ORDER DISMISSING CASE

**THIS MATTER** comes before the Court on Plaintiff Triginal D. Jackson's document entitled *Refile Section 1983 Action Notice of Motion to File Leave of Court*, filed September 24, 2010 [Doc. 1]. The Court will strike the document and will order the Clerk's office to close or otherwise prevent Jackson from using the CM/ECF account that Jackson improperly used to electronically file the document.

Because of his abusive filing practices, the Court has repeatedly denied Jackson's requests to electronically file documents in this Court. *See, e.g.*, *Jackson v. Bernalillo County*, No. 09cv884 WJ/RLP Doc. 10 (D.N.M. Feb. 19, 2010) (denying permission to file electronically and telling Jackson that he "may mail his filings to the Court and serve opposing parties as required by D.N.M. LR Civ-5.2, and the Court will continue to scan the filings into the record"); *Jackson v. Kelly*, No.

---

[1] "Enforcer of Unconstitutional Policy Respectly [sic] Injunctivable [sic] Party/Parties" is not a properly named defendant. Contrary to Jackson's assertion, the Court did not instruct Jackson that he could not sue Bernalillo County; it instructed him that he could not sue the County on a *respondeat superior* theory. Jackson alleged no facts, either in his prior Complaint or in his proposed amended Complaint, to indicate that the County has an unconstitutional policy regarding the taking of DNA samples from felons when they are arrested and booked for new alleged crimes.

08cv1131 JP/ACT Doc. 80 (D.N.M. March 24, 2010) (denying reconsideration of order denying request to electronically file documents). Despite these orders, Jackson electronically filed the current document without first obtaining the Court's permission.

On February 23, 2010, this Court dismissed without prejudice Jackson's Complaint against these same defendants, plus Bernalillo County. *See* No. 09cv884 WJ/RLP Doc. 7 (D.N.M. Feb. 23, 2010). As in his current document, Jackson had complained that officers and doctors at the Bernalillo County Metropolitan Detention Center violated his alleged medical-privacy right not to give medical information to an intake nurse regarding whether he has a sexually-transmitted disease; and that MDC officers and CMS doctors violated his constitutional rights, committed "medical battery," and intentionally inflicted emotional distress by pricking his finger to take blood for the state's DNA data bank.[2] The Court dismissed Jackson's prior Complaint because

> Jackson's Complaint fails to state the dates the allegedly unconstitutional actions occurred, and because Jackson has already filed two other complaints making similar allegations against these same Defendants and/or their employers, his Complaint has not given the Defendants sufficient information to provide "fair notice as to the basis of the claims against him or her," *Robbins*, 519 F.3d at 1250, and the Court will dismiss his Complaint without prejudice.

No. 09cv884 WJ/RLP Doc. 7 at 11 (D.N.M. Feb. 23, 2010). Because this Court had previously imposed filing restrictions against Jackson, *see Jackson v. Knight*, 10cv0045 MCA/WDS, Doc. 8 (D.N.M. Feb. 19, 2010), the Court reminded Jackson that he must comply with those restrictions if he decided to amend his Complaint to correct the errors:

> If Jackson is attempting to state a claim for allegedly unconstitutional acts for which

---

[2] Although, as in his prior Complaint, Jackson again attempts to raise fourteenth-amendment and/or conspiracy claims regarding alleged constitutional deprivations of food, phone calls, and access to court, the current document alleges that Jackson was, in fact, provided food, allowed to make two phone calls - one of which he used to secure bail, and to attend court. *See* Doc. 1 at 2, 5.

> he has not yet brought suit, he may follow the procedure set forth in that Order to request permission to file an amended Complaint under a new case number, making sure that he is not repeating the same mistakes he has made before, like attempting to sue the State, bringing *Bivens* claims against state officials, and suing under § 1983 on the basis of *respondeat superior* liability. An amended complaint should clearly set forth "exactly *who* is alleged to have done *what* to *whom*" and on what date the actions occurred and what legal right he alleges has been violated. *Robbins*, 519 F.3d at 1250, *Nasious*, 492 F.3d at 1163. If he seeks permission to file an amended complaint, he shall attach a copy of this Order to his petition.

No. 09cv884 WJ/RLP Doc. 7 at 11 (D.N.M. Feb. 23, 2010). Although Jackson's current document indicates that the allegedly bad acts Jackson complained of occurred after his July 24, 2009 arrest, Jackson has failed to comply with all of the filing restrictions; and he has otherwise also failed to comply with the Court's February 23, 2010 Order. The Court will deny permission to file the amended complaint and strike the document.

The Court also notes that Jackson's proposed Complaint fails to state sufficient facts to state a viable claim for relief under 28 U.S.C. § 1983, and that even if the Court permitted its filing, it would have to be dismissed with prejudice because further amendment would be futile. *See Dunn v. White*, 880 F.2d 1188, 1195-96 (10th Cir. 1989) (noting that "the goal of controlling the spread of venereal disease [in prisons] may justify coerced medical testing in limited circumstances" and holding that inmate failed to state a claim for violation of his constitutional rights to privacy and to due-process when prison officials took a sample of inmate's blood by force without giving inmate a pre-deprivation hearing); *Shaffer v. Saffle*, 148 F.3d 1180, 1181 (10th Cir. 1998) (noting that "obtaining DNA samples [from inmates] . . . is reasonable in light of an inmate's diminished privacy rights, the minimal intrusion involved, and the legitimate government interest in using DNA to investigate and prosecute crimes").

**IT IS ORDERED** that permission to file the proposed Complaint is DENIED and that the document Jackson has filed shall be STRICKEN from the record because it was filed in violation

3

of the Court's filing restrictions and prior Order; that this case shall be closed; and that the Clerk shall implement whatever proceedings necessary to bar Jackson from electronically filing any document in this Court.

_____
**UNITED STATES DISTRICT JUDGE**